THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> v.<br><br>DAVID KABULA,<br><br>      Defendant. | CASE NO. CR20-0183-JCC<br><br>ORDER |

   This matter comes before the Court on the Government's agreed motion to proceed with a plea hearing by teleconference (Dkt. No. 2). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

   On October 28, 2020, the Government alleged by information that Defendant knowingly possessed a firearm in violation of 18 U.S.C. section 922(g)(1) and engaged in smuggling in violation of 18 U.S.C. section 545. (Dkt. No. 1.) The parties have reached a plea agreement relating to these allegations and the Government asks the Court to refer the matter to a Magistrate Judge for an initial appearance and guilty plea conducted by video. (Dkt. No. 2 at 1.) According to the motion, the Government will likely be recommending a non-custodial sentence in this matter and Defendant wishes to resolve the case now, rather than have the matter hanging over him while awaiting an in-person hearing pending the improvement of COVID-19 pandemic conditions. (*Id.* at 2–3.)

Because of the health risks posed by the COVID-19 pandemic, the Court may conduct a felony plea hearing by video conference if the defendant consents and the Court finds that the plea hearing cannot be further delayed without serious harm to the interests of justice. *See* Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, §§ 15002(b)(2)(A), (b)(4), 134 Stat. 281, 528–29 (2020); W.D. Wash. General Order No. 14-20 (Sept. 24, 2020), 04-20 (Mar. 30, 2020). Defendant has a strong interest in the speedy resolution of this matter. In-person proceedings will not resume until at least January 1, 2021. *See* W.D. Wash. General Order No. 15-20 at 2 (Oct. 2, 2020). The Court finds that unnecessarily delaying Defendant's guilty plea hearing, despite having already reached a plea agreement with the Government, would cause serious harm to the interests of justice.

For the foregoing reasons, the Court GRANTS the Government's agreed motion to proceed with a plea hearing by teleconference (Dkt. No. 2). The Court ORDERS that Defendant's guilty plea hearing before a Magistrate Judge be set as soon as practicable and be conducted by video conference. The Court DIRECTS the presiding judge to establish a record of Defendant's consent for the hearing, in accordance with General Order No. 04-20.

DATED this 29th day of October 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE